[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10727

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

STACY BERNARD MCKENZIE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 3:23-cr-00303-ECM-JTA-1

_____

Before ROSENBAUM, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Appellant Stacy McKenzie challenges as substantively unreasonable the 30-month sentence the district court imposed after he pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). After careful consideration, we affirm.

## I.

While driving home from work, McKenzie was stopped by a police officer who observed that McKenzie's vehicle had an illegal window tint. During the traffic stop, the officer smelled marijuana. When the officer asked about the odor, McKenzie admitted that he had smoked marijuana. The officer then asked whether there was anything else illegal in the car, and McKenzie responded no. But when the officer said that he was going to search the car, McKenzie admitted that there was a gun in a backpack in the car. He told the officer that his sister had given him the weapon and that his pistol permit had expired. McKenzie was arrested.

McKenzie, who had a previous felony conviction, was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He pleaded guilty. For this crime, he faced a statutory maximum of 15 years' imprisonment. *See* 18 U.S.C. § 924(a)(8).

At the sentencing hearing, the district court considered McKenzie's Sentencing Guidelines range. It determined that McKenzie had a total offense level of 17 and a criminal history category of III. McKenzie had criminal history points arising out of (1) a 2021 Alabama conviction for second-degree assault of a police officer and (2) a 2022 Alabama conviction for two counts of second-degree assault of a police officer. He was on probation for these convictions at the time of his arrest. Based on his total offense level and criminal history category, the court calculated McKenzie's Guidelines range as 30 to 37 months' imprisonment.

McKenzie requested a downward variance based on the sentencing factors in 18 U.S.C. § 3553(a).[1] He asked the court to consider his personal history and characteristics, including that he lived with and was caring for his mother, who had suffered a series of strokes and recently been diagnosed with cancer. He also explained that he lived with his family, including siblings who were under 18,

---

[1] Under § 3553(a), a district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of the statute. 18 U.S.C. § 3553(a). These purposes include the need to: reflect the seriousness of the offense; promote respect for the law; provide just punishment; deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment. *Id.* § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7).

and they depended on his salary. McKenzie further argued that the nature and circumstances of the offense supported a shorter sentence, pointing out that he was cooperative throughout the traffic stop. And he argued that the gun belonged to his sister who had left it behind in the car.

The government opposed McKenzie's request for a downward variance. Regarding the nature and circumstances of the offense, it acknowledged that McKenzie was compliant at the traffic stop but pointed out that he initially denied having a weapon and only admitted to having one when it was clear that the officer was going to search the vehicle. The government also noted that McKenzie's statements on the scene indicated that he knew the gun was in the car. It also urged the court to consider McKenzie's criminal history and that he had convictions arising out of two separate incidents involving assaults on police officers. Given the seriousness of the offense, the need for deterrence, and the need to protect the public, the government argued that a sentence within the guidelines range was warranted.

After considering the § 3553(a) factors, the district court imposed a sentence of 30 months. The court stated that it considered the following § 3553(a) factors: the nature and circumstances of the offense, McKenzie's history and characteristics, the seriousness of the offense, the need to promote respect for the law, the need to provide just punishment, the need to deter further criminal conduct, the need to protect the public from further crimes, and the need to avoid unwarranted sentencing disparities. The court

acknowledged that some of the § 3553(a) factors supported a shorter sentence, mentioning that McKenzie was intelligent and a hard worker. But it explained that other factors did not support a variance, emphasizing that McKenzie's criminal history included assaults on law enforcement officers and that he was not necessarily cooperative during the traffic stop. The court also stated that it was not convinced the gun belonged to McKenzie's sister.

This is McKenzie's appeal.

## II.

We review the substantive reasonableness of a district court's sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007).

## III.

McKenzie argues that his 30-month sentence is unreasonable and should have been shorter. We conclude that the district court did not abuse its discretion.

We will reverse a sentence for substantive unreasonableness "only if[] we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (internal quotation marks omitted). Importantly, "[t]he weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court." *United States v. Croteau*, 819 F.3d 1293, 1310 (11th

Cir. 2016). In addition, although we apply no presumption of reasonableness, "[w]e ordinarily expect that a sentence falling within the guideline range will be reasonable, and a sentence imposed well below the statutory maximum penalty indicates reasonableness." *United States v. Woodson*, 30 F.4th 1295, 1308 (11th Cir. 2022) (internal quotation marks omitted). The party challenging the sentence bears the burden of showing that it is substantively unreasonable. *United States v. Boone*, 97 F.4th 1331, 1339 (11th Cir. 2024).

Here, McKenzie's 30-month sentence is not substantively unreasonable. The district court weighed the parties' arguments and expressly considered the § 3553(a) factors. McKenzie's arguments on appeal amount to a disagreement with how the district court weighed the § 3553(a) factors and a belief that the court should have given more weight to his history and characteristics. But the decision about how much weight to assign a particular factor is committed to the sound discretion of the district court. *See Croteau*, 819 F.3d at 1310. Given McKenzie's criminal history as well as the need to protect the public and deter future crimes, we are not "left with the definite and firm conviction that the district court committed a clear error of judgment" in imposing the 30-month sentence. *Irey*, 612 F.3d at 1190 (internal quotation marks omitted). On top of that, McKenzie's sentence is at the bottom of the advisory guidelines range and well below the statutory maximum for his offense, which further supports the conclusion that his sentence was reasonable. *See Woodson*, 30 F.4th at 1308. Accordingly, we affirm.

**AFFIRMED.**